# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| ANN MILLER | : |
|     DEBTOR | : BANKRUPTCY NO. 12-16015 SR |
| GARY F. SEITZ, TRUSTEE | : |
|     PLAINTIFF | : |
| v. | : |
| ANN MILLER | : |
|     DEFENDANT | : ADV. NO. 16-448 SR |

## OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

    Plaintiff Trustee's complaint seeks turnover of estate property from the Debtor. Additional relevant background can be found in this Court's Opinion and Order in *Zubras vs. Miller*, Adversary No. 15-231, dated December 8, 2016. Before the Court is the Trustee's motion for summary judgment. A hearing thereon was held May 24, 2017. For the reasons which follow, the Motion will be granted and summary judgment will be entered in favor of the Trustee.[1]

---

[1] Because these matters involve an order to turn over property of the estate, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(E) (including among core proceedings such causes of action)

*Summary Judgment Standard*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Pursuant to Rule 56, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For purposes of Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250, 106 S.Ct. at 2511-12. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. *See Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3rd Cir. 2014).

Of particular significance herein, summary judgment can be granted on the basis of collateral estoppel. *Scooper Dooper, Inc. v. Kraftco Corp.* 494 F.2d 840-847 (3d Cir.1974); *Connelly v. Wolf Block Schorr and Solis-Cohen*, 463 F.Supp. 914, 917 (E.D.Pa.1978) (same); *see also Mishkin v. Ageloff*, 299 F.Supp.2d 249-252 (2004)

(allowing liquidating trustee to invoke collateral estoppel in civil securities fraud claim against brokers of failed firm to use findings made in federal criminal securities law suit).

To successfully oppose entry of summary judgment, the nonmoving party may not simply rest on its pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553. Such evidence must be sufficient to support a jury's factual determination in favor of the nonmoving party. *Anderson, supra*, 477 U.S. at 250, 106 S.Ct. at 2511. Evidence that merely raises some metaphysical doubt regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.

*Competing Positions*

The Trustee's single count complaint demands turnover of property of the bankruptcy estate. The property at issue consists of the proceeds from certain litigations in which the Debtor, an attorney, had an interest. The Debtor contends that not <u>all</u> of the proceeds are property of the estate. Ans. ¶ 22. She argues that some of the fees <u>may</u> be compensation for *post*-petition services rendered by her, and thus may perhaps not be property of the estate. *Id.* ¶ 21.

The Trustee asserts there to be a prior finding that the litigations in question and the related fees ($54,510.47) are prepetition assets and are all the property of the bankruptcy estate. Trustee Br.1. Invoking the doctrine of collateral estoppel, the Trustee maintains that his entitlement to turnover of the fee awards has been settled. *Id.* 6-7.

The Debtor argues that the record lacks the requisites for collateral estoppel to apply; and, even assuming otherwise, the Trustee has failed to establish the extent to which the fees from the class actions represent pre-petition versus post-petition services. The Court will address these arguments in turn.

*Rulings in the*
*Zubras Trial*

Not surprisingly, the Trustee relies on the Court's ruling in *Zubras v. Miller*, *supra* The Debtor challenges the Trustee's right to do so. Her opposition is based on three errors alleged by her to have occurred at the *Zubras* trial. The first alleged error was the Court having considered evidence going to Zubras' objection to the Debtor's discharge. The Debtor claims the issue was not sufficiently raised in the parties' Joint PreTrial Statement (JPS). The second alleged error was Plaintiff's counsel's failure to move the admission of the Plaintiff's exhibits at the conclusion of trial. The third alleged error was denial of the Debtor's request to play an audio recording of her § 341 creditors meeting at trial.

Even assuming that any of the foregoing constituted reversible error, an untenable proposition, the fact remains that the Debtor sought no reversal. She did not move for reconsideration of the Order of December 8, 2016, nor did she appeal the adverse judgment against her. The Debtor had the right to do both, but did nothing. Her failure to seek redress is fatal, as the judgment is now final and beyond review. *See*

4

*Wright v. Kerestes*, 2014 WL 6454572, at *3 (E.D.Pa.Nov.14, 2014) (stating that judgment not appealed from is final). Yet even considering the Debtor's claims on their merits, they have none.

The Debtor's claim of prejudice as to the discharge objection is unfounded. While a § 727 objection is not listed in the "Relief Sought" in ¶ IV of the JPS, ¶ V of the JPS <u>expressly</u> set forth the challenge to discharge as one of the legal issues presented. Moreover, as the JPS was, by definition, the joint product of both parties, the Debtor's entitlement to a discharge was among the legal issues specifically presented by the Debtor herself.

As to the failure to move formal admission of exhibits at the close of trial, if that was error it certainly does not rise to the level of *reversible* error. *See U.S. v. Streeval*, 70 Fed.Appx. 646, at **3 (3d Cir. 2003) (observing that failure to move exhibits into evidence was a mere oversight and does not, without more, constitute a waiver or plain error).

Lastly, as to the request to play an audio recording in Court, the Court assured both parties, on the record, that it would listen to the entire recording. Trial Trans. 7. The Court did so, had the tape itself transcribed, and cited the Debtor's testimony from the tape extensively in the December 8, 2016 Opinion which found, *inter alia,* that the Debtor had downplayed the value of property she failed to disclose, and that the Trustee did not agree—as the Debtor claimed—that the property at issue had no value and need not have been disclosed on her bankruptcy schedules. Op. 37-38.

In short, none of the three rulings was erroneous and thereby prejudicial to the Debtor in her defense to the Zubras claims. To the contrary, the judgment against the

5

Debtor was based on valid evidentiary findings which, in turn, preclude any relitigation of the judgment and the factual findings on which it was based under the instant circumstances.

*Elements of*
*Collateral Estoppel*

The doctrine of issue preclusion holds that where an issue is actually and necessarily determined by a court of competent jurisdiction, the determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted). Four elements must be present for the doctrine to apply: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247–48 (3d Cir. 2010). The Court will address these in turn.

*1. Identity of Issues*

In the adversary proceeding brought by Ms. Zubras, she challenged the Debtor's right to a discharge for the reason, among others, that the Debtor failed to disclose property of the estate. That property consisted of fee interests in pending prepetition litigations. The Debtor contended that neither the cases, nor the fees were property of the estate. The Court rejected her position and found for the Plaintiff. The same property is at issue in this proceeding. The cause of action pressed herein is for turnover of the litigation fees from the litigation cases previously found to be estate property. Accordingly, the identity of issues requirement is met.

*2. Actually Litigated*

To preclude the Debtor from relitigating this issue, the record must demonstrate that the question was actually litigated in the prior proceeding. In Ms. Zubras' case, she established with competent and compelling evidence the existence of the two pending class action cases implicated herein, <u>and</u> the subsequent payment of proceeds therefrom to the Debtor.[2]

On this score, the evidence established that the Debtor was notified that a large payment was forthcoming to her in one of the cases (the *KIA Litigation*) Ex. P-1; that the only reason she had not <u>already</u> received it was because she had closed her bank account; and that she received a $21,171 fee in that case roughly one month into her bankruptcy and a mere <u>two</u> days after filing her bankruptcy schedules. Trial evidence also conclusively established the Debtor's receipt of two payments totaling $34,339.70 from the other case (the *Imprelis Litigation*) after her bankruptcy filing (Ex. P-2, P-4, and Trial Trans. 21:9).

The Debtor did not refute these facts. Indeed, in her trial testimony she acknowledged the cases and admitted receipt of all of the payments. Her defense was that as counsel to the plaintiffs in the class actions she herself did not *own* those claims, and so they did not have to be disclosed. This argument had no merit whatever, as under applicable law counsel is permitted to own a contingent interest in a client's litigation. Op. 34-36. Without question, the nature of the Debtor's interest in the cases and proceeds at issue herein was "actually litigated."

---

[2] *See* 11 U.S.C. § 541(a)(6) (including within property of the estate "[p]roceeds … of or from property of the estate.")

7

*3. Necessary to the Decision*

The Debtor's failure to have disclosed her contingent fee cases was one of the principal reasons a discharge was denied her. In the prior action Ms. Zubras sought to revoke the Debtor's previously entered discharge, and then deny her a discharge because of her failure to disclose the prepetition class action cases in her schedules, and thereafter report and deliver to the Trustee the fees she subsequently received. *See* 11 U.S.C. § 727(a)(2) and (d)(2). Findings to this effect were made and were essential to the ruling against the Debtor.

*4. Full Representation*

Preclusion is not applicable where the adverse finding was made against one without competent representation. Debtor's counsel herein is an experienced bankruptcy practitioner and was also Debtor's counsel in the Zubras litigation. In the prior proceeding Debtor's counsel made numerous arguments in her defense. While the defenses were rejected, it cannot be said that her representation was not informed and vigorous.

In sum, all four of the requisite elements necessary for the application of issue preclusion are present. Accordingly, the Debtor is barred from relitigating the nature of the cases in which she had a prepetition interest or, the payments she received. *See Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 238 (Fed.Cir. 1988) (stating collateral estoppel "contribut[es] to the efficient administration of justice by averting unnecessary relitigation.")

*Debtor's Evidence*

Even were the Debtor not precluded from relitigating the foregoing questions, the Trustee's evidence at a minimum shifted the burden to the Debtor to demonstrate the existence of a triable issue of fact. In that regard, the "evidence" proffered in defense to the Trustee's Summary Judgment Motion had no probative weight whatsoever. Indeed, if anything it was counterproductive. The Debtor's rebuttal evidence consisted of a useless affidavit from her counsel. His affidavit contained no competent evidence to counter the Trustee's claim but, instead, merely stated that the Debtor wished to engage in discovery in order to determine what portion of the legal fees she collected post-petition was attributable to prepetition versus post-petition work. Without that, her counsel asserted, the Debtor could not determine what amount of the fees in question are property of the estate. Def. Br. Lally Aff. 7-8.

This argument is devoid of merit. At the May 24th hearing Debtor's counsel reiterated the Debtor's position that the fees collected from the *KIA* and *Imprelis* cases were not entirely attributable to prepetition legal services. Hearing Trans. 6. When asked however what investigation was undertaken to determine the extent to which the fees related to pre-petition versus post-petition work, counsel replied that he asked his client for the relevant time and billing records but that she refused to supply them. *Id.* 7-8. The basis of her refusal, he stated, was "confidentiality." *Id.* 8. Apart from this entire line of reasoning being fundamentally illogical, (since the information the Debtor purportedly wishes to "discover" is already in her possession) this is a woefully inadequate argument for present purposes. *See, e.g., Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). If there was anything privileged about her

9

time and billing records, the Debtor could have sought a protective order. The Court, in turn, could have conducted an *in camera* review of the relevant documents. *Joon Assoc., Inc., v. House of Blues, Inc.*, 2006 WL 2726860, at *3 (E.D.Pa. Sept. 18, 2006); *Merisant v. McNeil Nutritionals, LLC*, 2005 WL 1869179, at *2 (E.D.Pa. Aug. 4, 2009).

The Court is non-plussed by this inexplicable conduct. With no good cause the Debtor withheld from her own lawyer the information upon which she would rely to prove the existence of a triable issue of fact. The upshot, of course, is that the Debtor has offered no competent rebuttal evidence that any of the fees in question pertained to postpetition work. To reiterate, the Debtor's defense to the Trustee's Motion consists, *in toto,* of her counsel's hearsay affidavit, and his conjecture that such things as depositing her legal fee into her bank account, or checking a docket entry might possibly constitute a compensable post-petition legal service by the Debtor, the fee for which might be beyond the Trustee's reach. Hearing Trans. 11-12. Such untethered speculation is a prime example of a "metaphysical doubt," the raising of which has long been held insufficient to establish the existence of a material disputed fact and thereby resist a motion for summary judgment.

*Summary*

Prior findings that the Debtor's undisclosed prepetition litigation cases, and the post-petition fee payments to her therefrom, are property of the Debtor's bankruptcy estate have preclusive effect in this proceeding. Even were that not the case, the Debtor has not countered the Trustee's evidence with competent rebuttal evidence. That so, there remains no genuine issue of material fact and the Trustee is entitled to judgment as a matter of law. Accordingly, the Trustee's Motion will be granted and summary

judgment in the amount of $54,510.47 will be entered in favor of the Trustee and against the Debtor.

    An appropriate Order follows.

                              By the Court:

                              */s/ Stephen Raslavich*
                              _____
Dated: June 21, 2017              Stephen Raslavich
                              United States Bankruptcy Judge