IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANN MILLER, | : | |
| Appellant, | : | CIVIL ACTION NO. 17-2895 |
| v. | : | |
| | : | Bankruptcy No. 12-16015SR |
| GARY F. SEITZ, | : | Adv. No. 16-448 |
| Appellee. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                               November 21, 2017

      The bankruptcy trustee appellee prosecuted an adversary proceeding seeking to recover fees that the Chapter 7 debtor appellant received as an attorney in prepetition litigations. The bankruptcy court granted summary judgment in favor of the trustee primarily based on the doctrine of collateral estoppel. The doctrine, according to the bankruptcy court, barred re-litigation of the issue of whether the prepetition litigation fees were property of the bankruptcy estate. On that issue, the bankruptcy court had determined in a prior adversary proceeding that the fees were in fact property of the bankruptcy estate, and that the debtor had concealed those fees at the time of her bankruptcy petition. The debtor appealed, challenging the bankruptcy court's application of collateral estoppel, overextension of its jurisdiction, and alleged failure to consider her cross-motion for summary judgment.

      After considering the applicable record and the parties' submissions, and after hearing oral argument from counsel, the court finds that the bankruptcy court's application of collateral estoppel was proper. Additionally, the bankruptcy court did not improperly extend is jurisdiction or fail to consider the debtor's cross-motion for summary judgment. Accordingly, the court will affirm the decision of the bankruptcy court.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The appellant, Ann Miller ("Miller"), filed for Chapter 7 bankruptcy on June 23, 2012. *In re Ann Miller*, Bankr. No. 12-16015SR ("*In re Miller*"), Doc. No. 1. The bankruptcy court appointed the appellee, Gary F. Seitz ("Seitz"), as the bankruptcy trustee on June 25, 2012. *In re Miller*, Doc. No. 9. Seitz filed a report of no assets on August 1, 2012, and the bankruptcy court entered a discharge order on October 12, 2012. *In re Miller*, Doc. Nos. 28, 36. The bankruptcy court entered an order approving Seitz's report, discharging Seitz, and closing the bankruptcy case, on January 2, 2014. *In re Miller*, Doc. Nos. 43, 44.

Joan Zubras ("Zubras") filed a motion to reopen Miller's bankruptcy case on March 4, 2015. *In re Miller*, Doc. No. 46. She alleged that Miller failed to report on her bankruptcy schedules, *inter alia*, (1) Zubras as a prepetition creditor, and (2) active class action litigations wherein Miller was a counsel of record, with an interest in counsel fees, some of which she later collected. *Id.* The bankruptcy court granted Zubras's motion on May 14, 2015, and reappointed Seitz as the trustee on June 11, 2015. *In re Miller*, Doc. Nos. 54, 58. Zubras then filed an adversary proceeding (the "Zubras adversary proceeding") against Miller on June 22, 2015, seeking (1) revocation of Miller's bankruptcy discharge, (2) denial of Miller's bankruptcy discharge, or (3) a determination excepting Zubras's claim against Miller from Miller's discharge. *In re Miller*, Doc. No. 64; *Zubras v. Miller (In re Miller)*, AP 15-231 ("*Zubras*"), Doc. No. 1; *Zubras*, Mem. Op. ("Zubras Opinion") at 1, Doc. No. 35.

The bankruptcy court revoked and denied Miller's Chapter 7 bankruptcy discharge based on "1) [Miller's] voluminous false testimony under oath; 2) the assets and income concealed by her; 3) the information withheld by her from [Zubras], the Trustee, and the Court; [and] 4) her intentions in engaging in the fraudulent conduct[.]" Zubras Opinion at 2, 55 (alterations to

2

original); *In re Miller*, Doc. Nos. 71, 72; *Zubras*, Doc. Nos. 35, 36. The bankruptcy court based its conclusion that Miller had concealed assets on the court finding that at the time of her bankruptcy petition, she was entitled to three payments totaling $54,510 from prepetition work that she had performed in two litigations (the Kia and Imprelis litigations), she failed to disclose them in her bankruptcy schedules, and she intentionally concealed their value from Seitz at the August 1, 2012 creditors meeting. Zubras Opinion at 32-41; *In re Miller*, Doc. No. 71. Miller did not file a motion for reconsideration or appeal from the order.

Seitz then filed an adversary proceeding (the "Seitz adversary proceeding") against Miller on December 16, 2016, seeking to recover the Kia and Imprelis litigation fees. *In re Miller*, Doc. No. 75; *Seitz v. Miller (In re Miller)*, AP 16-448 ("*Seitz*"), Doc. No. 1; *Seitz*, Mem. Op. ("Seitz Opinion") at 3, Doc. No. 30. Although the parties reached a settlement agreement, the bankruptcy court denied Seitz's motion to approve the agreement on April 6, 2017. *In re Miller*, Doc. Nos. 78, 80; *Seitz*, Doc. Nos. 10, 12. Seitz then moved for summary judgment in the adversary proceeding on April 20, 2017. *Seitz*, Doc. No. 14. Miller responded on May 11, 2017, attended a court hearing on Seitz's motion on May 25, 2017, and subsequently filed a cross-motion for summary judgment on June 11, 2017. *Seitz*, Doc. Nos. 22, 23, 25. The bankruptcy court granted summary judgment in favor of Seitz on June 21, 2017, and entered judgment in the amount of $54,510.47 in favor of Seitz and against Miller. *Seitz*, Doc. Nos. 30, 31.

In granting summary judgment in favor of Seitz, the bankruptcy court held that (1) the doctrine of collateral estoppel barred re-litigation over the fee payments from the Kia and Imprelis litigations, and (2) even if collateral estoppel did not apply, Miller failed to present a triable issue of fact as to whether the fee payments from the Kia and Imprelis litigations were

attributable to pre- or post-bankruptcy petition work. Seitz Opinion at 4-10. Miller appealed the bankruptcy court's grant of summary judgment and entry of judgment against her on June 27, 2017. Doc. No. 1. After unsuccessfully seeking a stay in the bankruptcy court, Miller filed an emergency motion for stay pending appeal on July 17, 2017. Doc. No. 8. This court denied that motion on August 7, 2017, reasoning, *inter alia*, that Miller was unlikely to succeed on the merits of her appeal because it appeared that the bankruptcy court properly applied the doctrine of collateral estoppel. Doc. No. 23.

Miller filed her brief in support of the appeal on July 27, 2017. Doc. No. 17. Seitz filed his opposing brief on August 28, 2017. Doc. No. 30. Miller filed a reply brief on September 11, 2017. Doc. No. 33.

## II. DISCUSSION

### A. Standard of Review

On appeal from a final order entered by a bankruptcy court, the district court reviews the order using the traditional standards of review: With regard to the bankruptcy court's legal conclusions, the district court reviews those conclusions *de novo*. *In re Trans World Airlines*, 145 F.3d 124, 131 (3d Cir. 1998) (citation omitted). The court reviews the bankruptcy court's findings of fact to examine whether they are "clearly erroneous." *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999) (citing *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 635 (3d Cir. 1998)).

A finding of fact is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Also, when applying the clearly erroneous standard, "[i]t is the responsibility of an appellate

4

court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations and internal quotation marks omitted). Thus, "[t]he fact that a reviewing court would have decided the matter differently does not render a finding of fact clearly erroneous." *First Western SBLC, Inc. v. Mac-Tav, Inc.*, 231 B.R. 878, 881 (D.N.J. 1999) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)).

### B. Analysis

On appeal, Miller argues that the bankruptcy court (1) improperly applied collateral estoppel because, *inter alia*, the courts in both the Zubras and Seitz adversary proceedings could not exercise jurisdiction over the contingent fee cases and referral fees, (2) failed to consider and decide her cross-motion for summary judgment, and (3) exceeded its authority throughout the Seitz adversary proceeding. Appellant's Br. at 10-21, Doc. No. 17. The court rejects each ground for appeal.

#### 1. The Bankruptcy Court's Application of Collateral Estoppel Was Proper

The bankruptcy court's primary basis for granting summary judgment was that the doctrine of collateral estoppel barred re-litigation of whether the fees that Miller received from the Kia and Imprelis litigations were property of the bankruptcy estate. Therefore, the court will first consider whether the bankruptcy court's application of collateral estoppel was proper.

The doctrine of collateral estoppel requires that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247 (3d Cir. 2010) (internal quotation

5

marks and citation omitted). A party seeking to invoke collateral estoppel must establish the following requirements: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from re-litigating the issue was fully represented in the prior action." *Id.* (internal quotation marks and citation omitted).

As to the first requirement, Seitz's adversary proceeding and summary judgment motion sought a ruling that the fees Miller received from the Kia and Imprelis litigations were property of the bankruptcy estate. Seitz Opinion at 2-3, 5. Likewise, in the Zubras adversary proceeding, the bankruptcy court determined that Miller's fee interests in the Kia and Imprelis litigations were property of the bankruptcy estate. Zubras Opinion at 41. Thus, the first requirement for collateral estoppel to lie was satisfied.

As to the second requirement, that the issue must be actually litigated, the bankruptcy court considered evidence regarding Miller's participation in the Kia and Imprelis litigations and her subsequent receipt of fees from them in the Zubras adversary proceeding. *Id.* at 37-41. The bankruptcy court also considered and rejected Miller's argument that as plaintiffs' counsel in the prepetition litigations, she did not have a property right in the contingent fees until the cases resolved, and therefore, did not have to disclose the fees as part of the bankruptcy estate. *Id.* at 32-36. After the bankruptcy court ruled against Miller in the Zubras adversary proceeding, she did not move for reconsideration or appeal from the bankruptcy court's ruling. Therefore, the issue was actually litigated and the second requirement was satisfied.

As to the third requirement, that the previous determination must have been necessary to the decision, the Zubras adversary proceeding sought to revoke Miller's bankruptcy discharge for her failure to disclose her fee interests in the Kia and Imprelis litigations as property of the

6

bankruptcy estate. The Zubras Opinion's determination that the fee interests in the litigations were in fact property of the bankruptcy estate was therefore necessary to that court's revocation of Miller's bankruptcy discharge, and the third requirement was satisfied. *Id.* at 39-41.

Concerning the fourth requirement, full representation, counsel represented Miller in the Zubras adversary proceeding, and while the bankruptcy court ultimately rejected arguments made by her counsel in her defense, her counsel nonetheless made them, and the bankruptcy court considered them. *Id.* at 32-41. Thus, the fourth and final requirement for the imposition of collateral estoppel was satisfied.

Miller's foremost argument against the application of collateral estoppel is unpersuasive. She asserts that:

> collateral estoppel cannot and does not apply because the Bankruptcy Court, like the Trustee, failed to inquire and establish an essential prerequisite to the judgment: that the contingent fee cases and referral fees based on such cases were, in fact, property over which the Bankruptcy Court could exercise jurisdiction and award to the Trustee. This issue was never decided in the Zubras adversary . . . .

Appellant's Br. at 15-16. More specifically, Miller argues that the judgments in each of the Zubras and Seitz adversary proceedings are void because the bankruptcy court lacked subject-matter jurisdiction when it contravened Pennsylvania state law on whether Miller had a property interest in the contingent fee cases and referral fees. *Id.* at 19-21. She cites a host of Pennsylvania cases in support of the proposition that unrealized contingent fees from pending cases are not assets of the attorney. *Id.*

Even assuming Miller is correct that unrealized contingent fees from pending cases are not assets under Pennsylvania law, and assuming the bankruptcy court's contrary holding in the Zubras adversary proceeding is erroneous, it does not follow that the bankruptcy court lacked

7

subject-matter jurisdiction. Bankruptcy courts have subject-matter jurisdiction over four types of title 11 matters:

> (1) cases "under" title 11; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11. The category of cases "under" title 11 refers merely to the bankruptcy petition itself. A case "arises under" title 11 if it invokes a substantive right provided by title 11. Bankruptcy "arising under" jurisdiction is analogous to 28 U.S.C. § 1331, which provides for original jurisdiction in district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." The category of proceedings "arising in" bankruptcy cases includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens. Proceedings "arise in" a bankruptcy case, if they have no existence outside of the bankruptcy. Finally, a proceeding is "related to" a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

*Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006), *as amended* (Mar. 17, 2006) (some internal quotation marks and citations omitted). The first three title 11 matters are "core proceedings," while "related to" proceedings are "non-core proceedings." *Id.* Because a determination as to what personalty is the property of the bankruptcy estate is a core proceeding, a bankruptcy court properly exercises jurisdiction over an adversary proceeding entailing such a determination. *See In re Snyder*, 328 F. App'x 836, 838 (3d Cir. 2009) (agreeing that the bankruptcy court "properly exercised jurisdiction over an adversary proceeding" and noting that the bankruptcy court "explained that it was the only court that could determine what personalty belonged to [the debtor] because that decision would determine what personalty was the property of the estate, a core matter in the bankruptcy" (alteration to original)). Therefore, a determination that Miller's litigation fees were part of the bankruptcy estate was within the bankruptcy court's subject-matter jurisdiction.

Miller's argument to the contrary conflates two concepts of court power: the power to hear a case and the power to sidestep authority. Miller's challenge of the Zubras bankruptcy

8

court's subject-matter jurisdiction is in fact a mere disagreement with the bankruptcy court's decision to include her contingency fees as property of the bankruptcy estate. The time for her to challenge the Zubras judgment based on that disagreement passed when she failed to appeal or move for reconsideration. Therefore, the bankruptcy court's application of collateral estoppel was proper.

### 2. The Bankruptcy Court Properly Considered Miller's Cross-Motion for Summary Judgment

In addition to challenging the bankruptcy court's application of collateral estoppel, Miller argues that the bankruptcy court erred when it failed to consider her cross-motion for summary judgment. In support, she cites canons from the Code of Judicial Conduct for United States Judges requiring judges to permit interested parties the full right to be heard and to maintain competence in the law. Appellant's Br. at 18.

This issue is not properly before this court on appeal because it confuses the timing of the bankruptcy court's consideration of each motion. Miller filed a cross-motion for summary judgment 46 days after Seitz filed his original motion, 31 days after responding to Seitz's original motion, five days after the court's hearing on Seitz's motion, and just 16 days before appealing to this court. Miller also appealed before the bankruptcy court held its scheduled hearing on her cross-motion. This court declines the invitation to hold as reversible error the bankruptcy court's alleged failure to consider and decide Miller's cross-motion for summary judgment within the 16 days before she appealed to this court.

### 3. The Bankruptcy Court Did Not Exceed Its Authority

Miller's final reason for appealing is a rehash of her argument against the application of collateral estoppel—that the bankruptcy court lacked subject-matter jurisdiction. The court rejects this argument for the same reasons discussed above.

9

### III. CONCLUSION

The court finds that the bankruptcy court properly applied the doctrine of collateral estoppel. The court further agrees with the bankruptcy court's assessment that Miller's failure to seek redress following the Zubras judgment is fatal. This failure renders as moot Miller's argument that the Zubras Opinion relied upon a misunderstanding of the law determining whether her prepetition litigation fees were property of the bankruptcy estate. Her packaging (and repackaging throughout this appeal) of this argument as a jurisdictional defect fares no better. The bankruptcy court also did not err by leaving Miller's cross-motion for summary judgment unresolved during the 16 days separating her filing the cross-motion and appealing to this court. Accordingly, the court will affirm the bankruptcy court's order.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.